**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/11/2017** at 08:49:00 AM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1  PLEISS CASEY SITAR & ROSS
Larry T. Pleiss, Esq., State Bar No. 90300
2  5510 Trabuco Road
Irvine, California 92620
3  Telephone: (949) 788-1790
Facsimile: (949) 788-1799
4  E-Mail: lpleiss@pcsrlaw.com

5  Attorneys for Defendant, CHOC CHILDREN'S HOSPITAL OF ORANGE COUNTY,
erroneously named and served as Children's Hospital of Orange County
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF ORANGE, CIVIL COMPLEX CENTER**

10

11  RICARDO BRUNO, an individual;          Case No. 30-2017-00926447-CU-CR-CXC
RACHEL BRUNO, an individual,
12                                         **ANSWER TO PLAINTIFFS'**
            Plaintiffs,                    **COMPLAINT FOR DAMAGES BY**
13                                         **DEFENDANT, CHOC CHILDREN'S**
        vs.                                **HOSPITAL OF ORANGE COUNTY**
14
COUNTY OF LOS ANGELES, a public            Assigned For All Purposes to:
15  entity; COUNTY OF ORANGE, a public     Hon. William D. Claster, Dept. CX102
entity; CHILDREN'S HOSPITAL OF             Action Filed: 06/15/2017
16  ORANGE COUNTY, a private corporation;  Trial Date: None Set
DEPUTY JASON SCHMOKER, an
17  individual; DETECTIVE MARICRUZ
PEREZ, an individual; DETECTIVE BELEN
18  LEWIS, an individual; DEPUTY J. LEE, an
individual; LAURA TODD, an individual;
19  NICOLE STRATTMAN, an individual;
SOCIAL WORKER DOE 1, an individual;
20  NURSE DOE 1, an individual; DOCTOR
DOES 1 through 2, as individuals; DOES 1
21  through 10, inclusive,,

22            Defendants.

23

24        COMES NOW defendant, CHOC CHILDREN'S HOSPITAL OF ORANGE COUNTY,

25  erroneously named and served as Children's Hospital of Orange County, and for Answer to Plaintiffs'

26  unverified Complaint for Damages on file herein, admits, denies and alleges as follows:

27        1.    That under the provisions of section 431.30(d) of the California Code of Civil

28  Procedure, this answering defendant denies generally and specifically each and every allegation

CHOC-8174/594041.1

**EXHIBIT C**

1  contained in the Complaint, and the whole thereof, and each and every alleged cause of action thereof,

2  and denies that Plaintiffs suffered damages in the sum or sums alleged, or in any other sum or sums, or

3  at all, by reason of any act, breach or omission on the part of this answering defendant, or on the part

4  of any agent, servant or employee of this answering defendant.

5      2.    That this answering defendant denies that it is guilty of any of the conduct alleged in

6  the Complaint, or otherwise, or at all, and further denies that Plaintiffs were injured or damaged, or

7  will be injured or damaged, as a result of any conduct on the part of this answering defendant, either

8  as alleged in the Complaint, or otherwise, or at all.

9      3.    That this answering defendant denies that by reason of any act or acts, or by virtue of

10  any of the allegations contained in the Complaint, or otherwise, Plaintiffs are, were, or will be entitled

11  to any of the relief sought in their Complaint, or otherwise, or at all.

12      4.    That this answering defendant reserves its right to assert affirmative defenses in

13  addition to those set forth hereinafter in the event that discovery indicates the same would be

14  appropriate.

15  FIRST AFFIRMATIVE DEFENSE

16  (MICRA Defenses)

17      5.    That as a separate and distinct affirmative defense, at the time of trial this answering

18  defendant relative to Plaintiffs' Second Cause of Action, Count 2, may elect to limit or diminish

19  Plaintiffs' alleged damages or losses pursuant to California Civil Code sections 3333.1 and 3333.2,

20  and California Code of Civil Procedure section 667.7.

21  SECOND AFFIRMATIVE DEFENSE

22  (Comparative Fault - Plaintiffs)

23      6.    That as a separate and distinct affirmative defense, if Plaintiffs in fact sustained or will

24  sustain any injuries or damages as a result of any act or omission of the part of this answering

25  defendant (which supposition is not admitted by this answering defendant, but is merely stated for the

26  purpose of this affirmative defense), then Plaintiffs, at the time and place alleged in their Complaint,

27  and in particular the Second Cause of Action, Count 2 thereof, were themselves guilty of negligence

28  in failing to exercise that degree of care for their own safety and protection that ordinarily prudent

CHOC-8174/594041.1

2

**EXHIBIT C**

PLEISS CASEY SITAR & ROSS
— Attorneys at Law —

1  persons would exercise under the premises, and said negligence contributed as a legal cause in some
2  degree to the injuries and damages being claimed by Plaintiffs herein, thereby barring and/or reducing
3  their recovery.

### THIRD AFFIRMATIVE DEFENSE

(Comparative Fault – Third Persons)

6      7.      That as a separate and distinct affirmative defense, this answering defendant contends
7  that there is no basis for liability of said defendant to Plaintiffs. However, without withdrawing from
8  that position, Defendant alleges, in the alternative, that should it be held liable to Plaintiffs on the
9  Complaint herein, and in particular as to the Second Cause of Action, Count 2 thereof, this defendant
10  should, in whole or in part, be indemnified by the other defendants, by those responsible persons
11  and/or entities who would be liable to Plaintiffs if joined herein, or to the extent that said persons
12  and/or entities are named defendants, according to the degree of involvement or responsibility for
13  causing loss to the Plaintiffs; and by Plaintiffs to the degree and extent of their own contributory
14  negligence, or to the extent they are found to have assumed the position of any other responsible
15  person and/or entity with whom they have settled their claim(s) separately or in any other manner
16  have attempted to exonerate.

### FOURTH AFFIRMATIVE DEFENSE

(Apportionment of Fault)

19      8.      That as a separate and distinct affirmative defense, this answering defendant asserts
20  that there is no basis for liability against it relative to Plaintiffs. However, without withdrawing from
21  that position, Defendant alleges, in the alternative, that should it be found liable to Plaintiffs on the
22  Complaint herein, and in particular as to the Second Cause of Action, Count 2 thereof, its liability
23  for the amount of non-economic damages should be allocated to it in direct proportion to its
24  percentage of fault, if any, according to California Civil Code section 1431 et seq.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

27      9.      That as a separate and distinct affirmative defense, this answering defendant contends
28  that the Complaint, and in particular the Second Cause of Action, Count 2 thereof, fails to state facts

CHOC-8174/594041.1                                          3

**EXHIBIT C**

PLRSS CASEY SITAR & ROSS
Attorneys at Law
PC
SR

1 | sufficient to constitute a cause of action against it.

2 | SIXTH AFFIRMATIVE DEFENSE

3 | (Privileged/Justified Conduct – California Penal Code Section 11172)

4 |     10.    That as a separate and distinct affirmative defense, this answering defendant avers that

5 | its alleged conduct as set forth in the Complaint, and in particular the Second Cause of Action, Count

6 | 2 thereof, was justified and/or privileged under California Penal Code section 11172, such that

7 | Plaintiffs cannot obtain relief on the causes of action stated in their Complaint.

8 | SEVENTH AFFIRMATIVE DEFENSE

9 | (Privileged/Justified Conduct – California Civil Code Section 47(b))

10 |     11.    That as a separate and distinct affirmative defense, this answering defendant contends

11 | that its alleged conduct, as set forth in the Second Cause of Action, Count 2, of the Complaint, was

12 | justified and/or privileged under California Civil Code section 47(b), such that Plaintiffs cannot obtain

13 | relief on any of the causes of action stated in their Complaint.

14 | EIGHTH AFFIRMATIVE DEFENSE

15 | (Common Law Witness Immunity)

16 |     12.    That as a separate and distinct affirmative defense, this answering defendant asserts

17 | that its alleged conduct, as set forth in the Second Cause of Action, Count 2, of the Complaint, is

18 | immune from suit under common law witness immunity, such that Plaintiffs cannot obtain relief on

19 | any of the causes of action set forth in their Complaint.

20 | NINTH AFFIRMATIVE DEFENSE

21 | (Acts in Good Faith)

22 |     13.    That as a separate and distinct affirmative defense, this answering defendant avers that

23 | its alleged conduct, as set forth in the Second Cause of Action, Count 2, of the Complaint, was

24 | undertaken pursuant to a good faith belief that requests made upon it were valid and under proper

25 | legal authority, such that Plaintiffs cannot obtain relief on any of the causes of action set forth in their

26 | Complaint.

27 | / / /

28 | / / /

CHOC-8174/594041.1

4

ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES BY DEFENDANT, CHOC CHILDREN'S
HOSPITAL OF ORANGE COUNTY

**EXHIBIT C**

PLEISS CASEY SITAR & ROSS
— *Attorneys at Law* —

PC
SR

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

14.     That as a separate and distinct affirmative defense, this answering defendant contends that its alleged conduct, as set forth in the Second Cause of Action, Count 2, of the Complaint, was proper and lawful pursuant to actual and/or implied consent. In this regard, this answering defendant is informed and believes, and thereon alleges, that actual and/or implied authorization and consent for the provision of health care services to Plaintiffs' children, L.B. and D.B., either individually or jointly, was provided by Plaintiffs, and/or one or more of the co-defendants, and/or under the emergency treatment exception to the doctrine of consent.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Immunity – Good Faith Belief)

15.     That as a separate and distinct affirmative defense, this answering defendant asserts that its alleged conduct, as set forth in the Second Cause of Action, Count 2, of the Complaint, was undertaken pursuant to a good faith belief that such conduct was reasonable and necessary to protect the health, safety and welfare of Plaintiffs' children, L.B. and D.B., and without any reckless, malicious and/or callous indifference to Plaintiffs' constitutional and/or civil rights.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not State Actor)

16.     That as a separate and distinct affirmative defense, this answering defendant avers that at no time relevant to Plaintiffs' Complaint, and in particular the Second Cause of Action, Count 2, of the same, did this defendant act as a state actor and thus Plaintiffs are not entitled to recover under the allegations set forth in their Complaint. Notwithstanding, and without withdrawing from the aforesaid position, Defendant alleges, in the alternative, that should it be found to be a state actor within the ambit of the Second Cause of Action, Count 2, of Plaintiffs' Complaint, then it is immune from liability under California Government Code section 821.6.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

17.     That as a separate and distinct affirmative defense, this answering defendant alleges

**EXHIBIT C**

1  that the Complaint, and in particular the Second Cause of Action, Count 2 thereof, fails to set forth

2  sufficient facts to constitute a claim for punitive and/or exemplary damages in that this answering

3  defendant did not commit any despicable, vile, and contemptible conduct; act with malice, fraud, or

4  oppression; act with intent to injure; or act with reckless indifference or willful and conscious

5  disregard of Plaintiffs' constitutional, civil and common law rights. Moreover, to the extent punitive

6  and/or exemplary damages are being requested, such is repugnant to, and in violation of, California

7  Code of Civil Procedure section 425.13.

8       WHEREFORE, this answering defendant prays:

9      1.    That Plaintiffs take nothing by their Complaint;

10      2.    That this answering defendant recover its costs of suit expended herein; and

11      3.    For such other and further relief as the Court may deem just and proper in the premises.

12  DATED:  July 11, 2017              PLEISS CASEY SITAR & ROSS

13

14                         By:                                  

15                              LARRY T. PLEISS

16                              Attorneys for Defendant, CHOC CHILDREN'S
HOSPITAL OF ORANGE COUNTY

17

18

19

20

21

22

23

24

25

26

27

28

PLEISS CASEY SITAR & ROSS
Attorneys at Law

CHOC-8174/594041.1

6

ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES BY DEFENDANT, CHOC CHILDREN'S
HOSPITAL OF ORANGE COUNTY

**EXHIBIT C**

1   **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3       At the time of service, I was over 18 years of age and not a party to this action. I am
4   employed in the County of Orange, State of California. My business address is 5510 Trabuco
    Road, Irvine, CA 92620.

5       On July 11, 2017, I served true copies of the following document(s) described as **ANSWER
    TO PLAINTIFFS' COMPLAINT FOR DAMAGES BY DEFENDANT, CHOC CHILDREN'S**
6   **HOSPITAL OF ORANGE COUNTY** on the interested parties in this action as follows:

7   The Law Offices of Shawn A. McMillan, APC      Attorneys for Plaintiffs, RICARDO BRUNO
    Shawn A. McMillan                              and RACHEL BRUNO
8   Stephen D. Daner
    Adrian M. Paris
9   4955 Via Lapiz
    San Diego, CA 92122
10  Tele: (858) 646-0069
    Fax: (858) 746-5283
11  E-Mail: steve.mcmillanlaw@gmail.com

12
        **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
13  persons at the addresses listed above and placed the envelope for collection and mailing, following our
    ordinary business practices. I am readily familiar with the practice of Pleiss Casey Sitar & Ross for
14  collecting and processing correspondence for mailing. On the same day that correspondence is placed
    for collection and mailing, it is deposited in the ordinary course of business with the United States
15  Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the
    county where the mailing occurred. The envelope was placed in the mail at Irvine, California.
16
        I declare under penalty of perjury, under the laws of the State of California, that the
17  foregoing is true and correct.

18      Executed on July 11, 2017, at Irvine, California.

19

20      _____
        Jeannie L. Pierro
21

22

23

24

25

26

27

28

CHOC-8174/594041.1                                    7

ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES BY DEFENDANT, CHOC CHILDREN'S
HOSPITAL OF ORANGE COUNTY

**EXHIBIT C**

PLEISS CASEY SITAR & ROSS
*Attorneys at Law*